**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., *et al.*,[1] | ) | Case No. 25-90160 (ARP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| RANDY ZERFOWSKI, ARDEN JOYCE GONZALES-MEDEIROS, SILAS FLAVIO MEDEIROS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 25-03783 |
| v. | ) | |
| | ) | |
| SUNNOVA ENERGY INTERNATIONAL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND 12(b)(1)**

Thomas A. Pitta, as trustee of the Sunnova Creditor Trust, for and on behalf of Defendant Sunnova Energy Corporation ("Sunnova"), files this Motion to Dismiss the Adversary Complaint (the "Complaint") filed by Randy Zerfowski, Arden Joyce Gonzales-Medeiros, and Silas Flavio Medeiros (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) (as incorporated by Federal Rule of Bankruptcy Procedure 7012). Sunnova would show the Court as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

## I. BACKGROUND

Sunnova, through its affiliates, as well as an expansive network of dealers, offered residential customers solar energy services and systems through leases of photovoltaic solar systems ("Systems"), power purchase agreements for the use of Systems, and loan agreements to finance the purchase of Systems.

Plaintiff Randy Zerfowski entered into a SunSafe Easy Own purchase agreement with Sunnova Energy Corporation for a System bearing Sunnova System ID WN003400145 (the "Zerfowski Solar Contract").  Following the installation and activation of the System at Plaintiff's residence located at 603 Amy St., Lynn Haven, Florida 32444 (the "Zerfowski PV System"), the Debtors' right, title and interest in the Zerfowski Solar Contract and Zerfowski PV System was transferred to one of the Debtors' project entities, Sunnova Helios VII Issuer LLC. Plaintiffs Arden Joyce Gonzales-Medeiros and Silas Falvio Medeiros entered into an Easy Plan Equipment Lease with Sunnova Energy Corporation for a System bearing Sunnova System ID UW005718666 (the "Medeiros Solar Contract," and, together with the Zerfowski Solar Contract, the "Solar Contracts").  Following the installation and activation of the System at Plaintiff's residence located at 5477 Siltstone St., Lakeland, Florida, 33811 (the "Medeiros PV System," and, together with the Zerfowski PV System, the "PV Systems"), the Debtors' right, title and interest in the Medeiros Solar Contract and Medeiros PV System was transferred to one of the Debtors' project entities, Sunnova TEP 7-D LLC.

On June 8, 2025, Sunnova and certain affiliates (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the intent to effectuate one or more value-maximizing sale transactions.  The Debtors achieved that goal and liquidated all of their assets through several distinct sales under section 363 of the Bankruptcy Code, including the WholeCo sale, through which the Debtors sold their equity in Sunnova Helios VII Issuer LLC and

2

Sunnova TED 7-D LLC (the project entities holding right, title, and interest to Plaintiffs' Solar Contract and PV System).   *See* Notice of Filing of Schedules to WholeCo Stalking Horse Agreement, Schedule 3.5(a) [Docket No. 404-1]; *see also* Order (I) Authorizing the Sale of Certain Debtors' Assets to the Stalking Horse Bidder Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief [Docket No. 599] ("WholeCo Sale Order").

A general claims bar date of August 6, 2025, was set by Court order entered on July 15, 2025 (Docket No. 436).  On July 22, 2025, Plaintiff Zerfowski filed Claim Number 330 against Sunnova (the "Zerfowski Proof of Claim").  The Zerfowski Proof of Claim seeks $57,012.88 in damages for "Rescission and Attorney's Fees (TBD)." On July 22, 2025, Plaintiffs Medeiros jointly filed Claim Number 336 against Sunnova (the "Medeiros Proof of Claim," and, together with the Zerfowski Proof of Claim, the "Proofs of Claim"). The Medeiros Proof of Claim seeks $22,218.75 in damages for "Rescission, TILA Claim, and Attorney's Fees (TBD)."

The Debtors filed a liquidating plan of reorganization (Docket No. 1205-1, the "Plan"), which was confirmed by this Court on November 10, 2025, and became effective on November 14, 2025.

On October 15, 2025, Plaintiffs filed the original *Complaint* (Adv. Docket No. 1).  The Complaint alleges claims of deceptive and unfair trade practices, fraud in the execution, rescission, breach of contract, and violation of the Truth in Lending Act (together, the "Causes of Action"). *See* Complaint ¶¶ 38-67.  Each of the Causes of Action is based on actions alleged to have occurred in 2020 (with respect to Plaintiff Zerfowski) and 2023 (with respect to Plaintiffs Medeiros), well before the petition date.  *See* Complaint ¶¶ 7-37.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a party fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When resolving a Rule 12(b)(6) motion, courts generally limit themselves to the contents of the pleadings and construe the complaint in favor of the plaintiff, taking all pleaded facts as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). But "courts must consider ... other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Such factual allegations must be specific and not mere conclusory allegations, as a court will not accept as true conclusory allegations or unwarranted deductions of fact. *Id.* at 555; *Iqbal*, 556 U.S. at 678. A motion to dismiss under Rule 12(b)(6) should be granted when the allegations in a complaint, if assumed to be true, fail to support a plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555.

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Bankruptcy court jurisdiction is codified in 28 U.S.C. § 1334(b), which provides three categories of civil proceedings where bankruptcy courts may exercise jurisdiction: (i) those that arise under title 11, i.e., matters invoking a substantive right created by the Bankruptcy Code; (ii) those that arise in cases under title 11, i.e., administrative-type matters or matters that could arise only in bankruptcy; and (iii) those that relate to cases under title 11, i.e., proceedings where the outcome could conceivably have an effect on the estate being administered in bankruptcy. *See, e.g., In re Smith*, 849 F. App'x 867, 871 (11th Cir. 2021); *In re TMT*

4

*Procurement Corp.*, 764 F.3d 512, 523 (5th Cir. 2014); *In re Wood,* 825F.2d 90, 97 (5th Cir. 1987)).

When ruling on a motion to dismiss for lack of subject matter jurisdiction, "[a] court must accept the material factual allegations in the complaint as true, but need not draw inferences favorable to the plaintiff." *Penthouse Media Grp. v. Guccione,* 335 B.R. 66, 71–72 (Bankr. S.D.N.Y. 2005). The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. *Id.*

### III. ARGUMENT AND AUTHORITIES

The Causes of Action are all based on alleged prepetition conduct of Sunnova and should be dismissed as either outside the scope of Bankruptcy Rule 7001 or, to the extent that the Causes of Action seek injunctive or equitable relief, as outside the Court's jurisdiction.

**A. The Causes of Action cannot be brought as an adversary proceeding**

The Causes of Action are all based on alleged prepetition conduct of Sunnova and should be dismissed as outside the scope of Bankruptcy Rule 7001. Federal Rule of Bankruptcy Procedure 7001 provides an exclusive list of categories of controversies that may be brought as adversary proceedings. Such proceedings are generally reserved for claims affecting discharge, avoiding liens, or otherwise affecting key substantive rights under the Bankruptcy Code. "A claim for damages arising from pre-petition conduct is not one of those categories." *In re Ditech Holding Corporation*, No. 19-10412 (JLG), 2025 WL 1537869, at *11 (Bankr. S.D.N.Y. May 29, 2025) (quoting *DBL Liquidating Tr. v. P.T. Tirtamas Majutama (In re Drexel Burnham Lambert Grp., Inc.)*, 148 B.R. 993, 998 (S.D.N.Y. 1992)). Rather, when a creditor seeks only to assert a general unsecured claim for breach of contract, or fraud, or negligence, without seeking equitable relief, the proper mechanism is filing a proof of claim. *See, e.g.*, *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG), 2022 WL 3965697, at *7 (Bankr. S.D.N.Y. Aug. 31, 2022), *aff'd sub nom. In re*

*Latam Airlines Grp. S.A.*, No. 22-CV-8068 (ER), 2023 WL 4741335 (S.D.N.Y. July 25, 2023) (citing *Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Bros. Holdings, Inc.)*, No. 08-13555, 2011 WL 722582, at *7-8 (Bankr. S.D.N.Y. Feb. 22, 2011) (dismissing breach of contract claim for failure to state a claim under Rule 12(b)(6), where the Court found the claim improper to proceed as an adversary proceeding); *Mondragon v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.)*, No. 08-3563, 2010 WL 120014, at *4-5 (Bankr. E.D. Va. Jan. 7, 2010) (dismissing adversary proceeding pursuant to Rule 12(b)(6) in favor of claims process)).

This framework allows for the orderly administration of claims; to allow otherwise would invite a plethora of adversary proceedings in every bankruptcy case that would overrun the courts, obviate the claims process, and nullify the benefits of the automatic stay.

The Causes of Action asserted by Plaintiff do not assert valid claims under Bankruptcy Rule 7001. Rather, the Causes of Action are prepetition general unsecured claims that must be brought against Sunnova through the filing of a proof of claim in accordance with 11 U.S.C. § 501 and Fed. R. Bankr. P. 3001 and 3002. Indeed, Plaintiffs have already submitted themselves to the claims reconciliation process governed by Bankruptcy Rules 3001-3007 by filing the Proofs of Claim.

Without a valid basis under Bankruptcy Rule 7001, the Complaint is an attempt to circumvent the claims process and as a result, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## B. Any injunctive or equitable relief sought in the Complaint is moot as against Sunnova

The Causes of Action do not properly assert injunctive or equitable relief. To the extent that Plaintiffs seek the remedy of rescission of their Solar Contracts and such remedy might be interpreted as an injunctive or equitable cause of action, the relief sought is moot as against

Sunnova.

Defendant no longer holds any right, title or interest in Plaintiffs' Solar Contracts. Consequently, Sunnova is not the proper party for an action to rescind the Solar Contracts and the relief requested cannot be granted in this action and dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6).  Likewise, because Sunnova does not own the Solar Contracts at issue, the rescission of the Solar Contracts could have no conceivable effect on the estate or the administration of the estate and the Court lacks jurisdiction, which requires dismissal pursuant to Fed. R. Civ. Pro. 12(b)(1).  *See In re Maxwell*, No. 10-79479, 2012 WL 3678609, at *3 (Bankr. N.D. Ga. Aug. 22, 2012) ("[O]nce property leaves the estate, a bankruptcy court loses jurisdiction to determine disputes concerning that property, unless the result of the dispute could have some effect on the bankruptcy case") (citing 4 Collier on Bankruptcy ¶ 554.02[3] (15th ed. rev.2003)); *see also In re Tanner*, 442 B.R. 863, 865 (Bankr. W.D. Va. 2010) ("Since the Property does not constitute property of the estate, the Court lacks jurisdiction over the Property.").

C. **Plaintiff's rights against the proper parties are preserved under the Bankruptcy Code and the Plan**

Plaintiffs are not without remedies, however those remedies are not against Sunnova or any other Debtor and may not be sought in this bankruptcy proceeding.  Specifically, Plaintiffs retains their rights, claims, and defenses against the purchaser of their Solar Contracts pursuant to (i) 11 U.S.C. § 363(o), (ii) the *Order Approving the Debtors' Disclosure Statement For, and Confirming the Third Amended Joint Chapter 11 Plan of Sunnova Energy International Inc. and Its Debtor Affiliates (Further Technical Modifications)* [Docket No. 1205], and (iii) the Plan (including but not limited to Article VIII.C thereof) [Docket No. 1205-1].  Further, Plaintiffs have submitted the Proofs of Claim, which remain subject to the claims reconciliation process.

## IV. CONCLUSION

For these reasons, Sunnova requests dismissal of Plaintiffs' Complaint and requests all further relief to which it may be entitled.

/s/ Jason G. Cohen

**BRACEWELL LLP**
Jason G. Cohen (TX Bar No. 24050435)
Jonathan L. Lozano (TX Bar No. 24121570)
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:   (713) 223-2300
Facsimile:   (800) 404-3970
Email:   jason.cohen@bracewell.com
   jonathan.lozano@bracewell.com

*Special Counsel to the Creditor Trustee*

8

## Certificate of Service

I certify that on February 13, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/  *Jason G. Cohen*
Jason G. Cohen